**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONNELL MILLER**                                                                      **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.: 1:23-cv-00061-LG-RPM**

**HARRISON COUNTY**                                                **DEFENDANT**

**REPORT AND RECOMMENDATION**

On March 6, 2023, Plaintiff Donnell Miller, proceeding *pro se* and *in forma pauperis*, filed this Complaint under 42 U.S.C. § 1983, alleging that Defendant Harrison County is liable for maintaining unconstitutional conditions of confinement at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. Compl. [1]; Resp. [7]. On May 8, 2023, Plaintiff notified the Court that he had been released from HCADC and was residing in Marrero, Louisiana. Notice [11].

On July 5, 2023, the Court set the matter for a screening hearing on October 23, 2023, in Gulfport, Mississippi. Order [17]. Because of changes in the Court's schedule and conflicts with defense counsel's schedule, the screening hearing was subsequently rescheduled three times—and finally set for November 6, 2023, at 9:00 a.m. All four notices of hearing were mailed to Plaintiff at his last-known mailing address in Marrero, which he had provided to the Court several months before. *See* Notice [11]. None of the notices of hearing were returned to the Court as undeliverable.

On November 6, 2023, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building. Based on Plaintiff's failure to appear at the

screening hearing, for which he received notice, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Donnell Miller's Complaint under 42 U.S.C. § 1983 be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. An objecting party must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this 6th day of November, 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

2